United States Bankruptcy Court
District of Maryland

6789 Goldsboro, LLC,
    Plaintiff

Myers,
    Defendant

Adv. Proc. No. 18-00407-WIL

## CERTIFICATE OF NOTICE

District/off: 0416-0   User: larter   Page 1 of 1   Date Rcvd: Jan 30, 2019
                           Form ID: pdfparty   Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 01, 2019.
```
pla            +6789 Goldsboro, LLC,    4800 Montgomery Lane,    9th Floor,    Bethesda, MD 20814-3429
dft            +Gregory B Myers,    700 Gulf Shore Boulevard North,    Naples, FL 34102-5325
dft            +Roger Schlossberg,    18421 Henson Boulevard,    Suite 201,    Hagerstown, MD 21742-1392
dft            +Serv Trust,    Roger Charles Simmons,    Gordon & Simmons, LLC,    1050 Key Parkway, Suite 101,
                 Frederick, MD 21702-4496
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
               +E-mail/Text: ustpregion04.gb.ecf@usdoj.gov Jan 30 2019 20:29:57      U.S. Trustee - Greenbelt,
                 6305 Ivy Lane,    Suite 600,    Greenbelt, MD 20770-6305
```
                                                                                                                                               TOTAL: 1

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 01, 2019                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 30, 2019 at the address(es) listed below:
```
              Eric Pelletier    epelletier@offitkurman.com,   dramos@offitkurman.com
              Frances Charlotte Wilburn    fwilburn@offitkurman.com
              Frank J. Mastro    fmastro@schlosslaw.com
              Gregory P. Johnson    gjohnson@offitkurman.com,   tking@offitkurman.com
              Roger Charles Simmons    rsimmons@gordonsimmons.com,   dwise@gordonsimmons.com,
               jweddle@gordonsimmons.com,cremus@gordonsimmons.com
              Stephen A. Metz    smetz@offitkurman.com,   mmargulies@offitkurman.com
```
                                                                                                                                                 TOTAL: 6

Entered: January 30th, 2019
Signed: January 29th, 2019

**SO ORDERED**



**IN THE UNITED STATES BAKNRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt**

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Gregory B. Myers, | * | Case No. 15-26033-WIL |
| | * | Chapter 7 |
| Debtor. | * | |
| | * | |

_____

| | | |
|---|---|---|
| 6789 Goldsboro, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Adversary No. 18-00407 |
| | * | |
| Gregory B. Myers, et al., | * | |
| | * | |
| Defendant. | * | |
| | * | |

_____

## ORDER OF ABSTENTION

The above-captioned adversary proceeding was commenced on October 29, 2018, upon the Plaintiff's filing of a Complaint for Declaratory Judgment (the "Complaint"). The one-count Complaint requests the Court to (i) enter a judgment declaring that (a) Serv Trust is the alter ego of Gregory B. Myers (the "Debtor"), (b) the assets and liabilities of Serv Trust are the assets and liabilities

1

of the Debtor; and (c) the Chapter 7 Trustee appointed to administer the Debtor's bankruptcy estate shall administer the Debtor's estate in the manner inclusive of the assets and liabilities of Serv Trust; and (ii) staying all litigation to which Serv Trust is a party (excepting the instant adversary proceeding), pursuant to § 362(a) of the United States Bankruptcy Code.

On October 30, 2018, the Plaintiff filed a Motion for Order to Determine That Automatic Stay Applies to Civil Actions Involving Serv Trust (the "Motion to Stay").[1]  The Motion to Stay requests that the consolidated litigation pending in the Circuit Court for Montgomery County, Maryland (the "State Court") between the King Family, the Plaintiff and Serv Trust[2] regarding an investment property and related loan transactions (the "State Court Litigation") be stayed based on the allegation that Serv Trust is the Debtor's alter ego and thereby, protected by the automatic stay provisions of the Debtor's ongoing bankruptcy case.

On November 30, 2018, the Debtor and Serv Trust filed separate Motions to Dismiss the Complaint (although Serv Trust's Motion to Dismiss merely adopts and incorporates the Debtor's Motion to Dismiss).   On December 3, 2018, the Chapter 7 Trustee appointed to administer the Debtor's bankruptcy estate (the "Trustee") filed an Answer to the Complaint.   On December 14, 2018, the Plaintiff filed: (i) a Motion for Derivative Standing to Pursue the Complaint to which an attached email indicates that the Trustee "expressly consents to Goldsboro" pursuing the Complaint; and (ii) an Opposition to the Motions to Dismiss.   Thereafter, the Debtor and Serv Trust filed oppositions to the Motion for Derivative Standing and the Motion to Stay.

---

[1] The Motion to Stay was accompanied by a Motion to Shorten Time to Respond to the Motion to Stay (the "Motion to Shorten Time").   The Motion to Shorten Time was denied for insufficient cause by Order entered on November 5, 2018.

[2] Serv Trust is a trust created by the Debtor's mother for the benefit of the Debtor's children.   The Debtor is one of two co-trustees of Serv Trust.

The Court has reviewed the Complaint and subsequent filings and shall abstain from exercising jurisdiction over this adversary proceeding.[3]  28 U.S.C. § 1334(c)(1) permits a bankruptcy court to abstain from a proceeding arising under title 11 or arising in or related to a case under title 11 if the interests of justice or if considerations of comity warrant abstention.  See 28 U.S.C. § 1334(c)(1); see also *Hoge v. Moore (In re Railworks Corp.)*, 345 B.R. 529, 540 (Bankr. D. Md. 2006).  Invoking the permissive abstention provision is within the sound discretion of the bankruptcy court and may be raised by the court *sua sponte*.  See *In re Salazar*, Case No. 15-13194, 2016 WL 7377043, at *4 (Bankr. D. N.M. Dec. 19, 2016).

Courts consider numerous factors when deciding whether discretionary abstention applies to a particular matter, including: (1) the efficiency in the administration of the debtor's estate; (2) the extent to which state issues predominate over bankruptcy issues; (3) whether the issues involve difficult or unsettled questions of state law that would be better addressed by a state court; (4) the presence of a related proceeding commenced in state court; (5) the existence of a jurisdictional basis other than Section 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court; (9) the burden of the federal court's docket; (10) the likelihood that the commencement of the proceeding in federal court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) whether non-debtor parties are involved in the proceeding.  *In re Railworks Corp.*, 345 B.R. at 540, n. 6.  "The factors should be applied on a case

---

[3] Although the Motion to Stay was initially set for hearing with the scheduled pre-trial conference on February 11, 2019, the Court finds that a hearing would not aid the decisional process.  *See* Local Rule 9013-1(b)(4).

3

by case basis with no one factor necessarily determinative." *Barge v. Western Southern Life Ins. Co.,* 307 B.R. 541, 547 (S.D.W.Va. 2004).

Consideration of the aforementioned factors weighs strongly in favor of this Court abstaining from exercising jurisdiction over this matter. Although the Debtor and the Chapter 7 Trustee are named Defendants to this action, the Debtor is not a party to the State Court Litigation sought to be stayed. Rather, the Plaintiff wants this Court to determine that Serv Trust is the alter ego of the Debtor thereby invoking the automatic stay provisions of the Bankruptcy Code to stay the State Court Litigation. This Court is not vested with exclusive jurisdiction to determine the applicability of the automatic stay. A state court has concurrent jurisdiction with bankruptcy courts to determine the applicability of the automatic stay. See *Klass v. Klass*, 831 A.2d 1067, 1071 (Md. 2003). As stated by the Court of Appeals of Maryland in *Klass v. Klass*:

> The State court may not grant relief from the stay–that is a matter committed exclusively to the Bankruptcy Court– but it may, when presented with the issue, determine whether, factually or legally, a stay is in effect and whether a particular action it is about to take or has already taken is subject to such a stay. Those determinations are, of course, reviewable on appeal.

*Id.* Here, there is no need for the Bankruptcy Court to wade into the State Court Litigation. The State Court has been presiding over the litigation between the King Family, the Plaintiff and Serv Trust and the Motion to Stay can be efficiently presented as part of that litigation. If the State Court determines the automatic stay does not apply, then the proceeding can continue in the State Court where it was filed. If the State Court determines that the automatic stay is applicable based on the relationship between the Debtor and Serv Trust, then the matter will be stayed and the parties can come back to this Court to figure out how to proceed. At this point, however, the State Court Litigation involves non-debtor parties and may have no impact on the Debtor's bankruptcy

4

case; the issue of whether Serv Trust is the Debtor's alter ego is a question governed by state law; there is existing litigation in the State Court in which the Motion to Stay can be filed; and the Complaint's recitation of past findings and decisions made by this Court that were adverse to the Debtor in connection with his bankruptcy case offers more than a hint of forum shopping by the Plaintiffs.   The remaining factors to be considered are either neutral or do not apply to the circumstances here.

For these reasons, it is, by the United States Bankruptcy Court for the District of Maryland, hereby

**ORDERED**, that the Court abstains from hearing the above-captioned adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1); and it is further

**ORDERED**, that the above-captioned adversary proceeding is dismissed.


cc:     All Counsel
        All Parties
        United States Trustee


**END OF ORDER**

5